UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERAY GIBSON,

                Petitioner,                  Case Number: 22-10087
                                              F. Kay Behm

v.                                        U.S. District Judge

DALE BONN,[1]

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Deray Gibson, currently in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b) (force or coercion), assault by strangulation or suffocation, Mich. Comp. Laws § 750.84(1)(b), and interfering with a witness in a criminal case punishable by more than 10 years' imprisonment, Mich. Comp. Laws § 750.122(7)(b).

---

[1] The proper respondent in a habeas case is the warden of the facility where the petitioner is incarcerated. *See* Rule 2(a), Rules Governing § 2254 Cases. Thus, the Court substitutes the warden of the prison where Gibson is incarcerated, Dale Bonn, as the respondent.

The petition raises four claims.  For the reasons explained below, the Court denies the petition.  The Court denies a certificate of appealability and grants Gibson leave to proceed on appeal *in forma pauperis*.

## I.  Background

Following a jury trial in Wayne County Circuit Court, Gibson was convicted as set forth above.[2]  On February 5, 2019, he was sentenced to 10 to 15 years for third-degree criminal sexual conduct, 5 to 10 years for assault, and 3 to 10 years for witness-tampering.  The witness-tampering sentence to be served consecutively to the criminal sexual conduct conviction.

Gibson filed an appeal by right in the Michigan Court of Appeals.  The Michigan Court of Appeals set forth the following relevant facts:

> The prosecution presented evidence that, shortly after midnight on August 4, 2018, defendant entered the home of the victim, his ex-girlfriend, through a window, and after choking and beating her, sexually penetrated her against her will.  The victim's aunt testified that defendant moved the victim into her bedroom, after which she heard the victim screaming, saying "no," "stop it," and crying.  After the incident, the victim was in pain and treated at a hospital for cuts and bruises.  The sexual assault nurse examined the victim, photographed numerous bruises, and observed linear red bruising and abrasions on the victim's neck that indicated strangulation.  The prosecution also presented evidence

---

[2] The jury found Gibson not guilty of home invasion with intent to commit a felony. Mich. Comp. Laws § 750.110a(2).  He was convicted of third-degree criminal sexual conduct as a lesser included offense of first-degree criminal sexual conduct.  *Gibson*, 2020 WL 3476750, at *1, n.1.

> that defendant sent two letters to the victim attempting to
> dissuade her from testifying against him.  Defendant
> testified in his own defense.  He admitted that he choked
> the victim and caused her bruising during a "physical
> dispute," but maintained that such aggression took place
> before, and was not related to, what he characterized as a
> consensual act of sexual intercourse.

*People v. Gibson*, No. 348041, 2020 WL 3476750, at *1 (Mich. Ct. App. June 25,

2020).  These facts are presumed correct on habeas review under 28 U.S.C.

§ 2254(e)(1).  *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

The Michigan Court of Appeals affirmed Gibson's convictions and

sentences, except for the consecutive sentencing.  *Gibson*, 2020 WL 3476750.  The

court of appeals remanded the case to the trial court for articulation of its

reasoning.  *Id.*  On remand, the trial court issued a written addendum articulating

the reasons for imposing consecutive sentencing.  *See* Addendum to Sentencing,

*People v. Gibson*, No. 18-006921-01 (Wayne Cty. Cir. Ct. July 8, 2020) (ECF No.

9-13, PageID.807).  The Michigan Court of Appeals then held that "the trial court

acted within the scope of its discretion when it ordered that defendant's sentence

for the witness tampering conviction be served consecutively to his sentence for

the CSC-3 conviction."  *People v. Gibson*, No. 348041 (Mich. Ct. App. Aug. 6,

2020).

Gibson sought and was denied leave to appeal in the Michigan Supreme

Court.  *People v. Gibson*, 507 Mich. 954 (Mich. June 1, 2021).

Gibson then filed this habeas petition.  He seeks relief on these claims:

I.     The trial court erred regarding the scoring of offense variables 4, 7, 8, and 10, in violation of the Michigan and United States Constitutions.

II.     The trial court abused its discretion by imposing consecutive sentencing under Mich. Comp. Laws § 750.122(c)(11).

III.     Petitioner was denied his Sixth Amendment constitutional right to effective assistance of counsel.

IV.     Petitioner's conviction is against the great weight of the evidence on the charge of CSC 3rd or there was not sufficient evidence to convict.

Respondent has filed an answer in opposition arguing that several claims are unexhausted and that all claims are meritless.  (ECF No. 8.)  Exhaustion is not a jurisdictional bar to review and where, as here, the claims are meritless, the Court may proceed to the merits.  *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987).  Gibson has filed a reply brief.  (ECF No. 10.)

## II.  Standard

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases."  *Shoop v. Hill*, 139 S. Ct 504, 506 (2019).  A federal court may grant habeas corpus relief only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable

4

application of," Supreme Court precedent that was "clearly established" at the time of the adjudication.  28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  To obtain habeas relief in federal court, a state prisoner must show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011)

For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.  Discussion

### A.    Claim One: Sentence Based on Inaccurate Information and Judicially-Found Facts

In his first claim, Gibson challenges his sentences.  He argues that the trial court violated the Michigan and United States Constitutions by relying on

inaccurate information and judge-found facts when scoring offense variables 4, 7, 8, and 10.

Gibson's claim that his sentence violated Michigan's constitution is not cognizable in this action. An allegation that a sentence violates a state constitution does not state a basis for habeas relief because "federal habeas corpus review does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). *See also Watkins v. Lafler*, 517 F. App'x 488. 500 (6th Cir. 2013) ("[A] mere violation of state law cannot support a [federal] habeas claim").

Gibson claims that the trial court incorrectly scored offense variables 4, 7, 8, and 10 based on false inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or on "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information and that it was, in fact, inaccurate. *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007).

The Michigan Court of Appeals held that the trial court incorrectly scored offense variables 4 and 10 but resentencing was not required "because correcting the scoring errors does not affect the applicable sentencing guidelines range." *Gibson*, 2020 WL 3476750 at *5. The state appellate court's interpretation of state

sentencing law binds this Court on habeas corpus review. *Bradshaw v. Richey*,

546 U.S. 74, 76 (2005).  A guidelines calculation error is harmless if correcting the

error would result in no change to the sentencing range. *United States v. Cramer*,

777 F.3d 597, 603 (2d Cir. 2015). Because the errors in scoring offense variables 4

and 10 did not affect the sentencing guidelines range, the Michigan Court of

Appeals reasonably concluded that the errors were harmless.

Gibson also argues that offense variables 7 and 8 were scored based on

inaccurate information.  Offense variable 7 concerns aggravated physical abuse

and provides that 50 points should be scored when "[a] victim was treated with

sadism, torture, excessive brutality, or similarly egregious conduct designed to

substantially increase the fear and anxiety a victim suffered during the offense."

Mich. Comp. Laws § 777.37(1)(a).  The Michigan Court of Appeals held that the

evidence that Gibson strangled and pummeled the victim justified the scoring of 50

points. *Gibson*, 2020 WL 3476750, at *3.

Offense variable 8 concerns victim asportation or captivity. *See* Mich.

Comp. Laws § 777.38.  A sentencing court must assess 15 points where "[a] victim

was asported to another place of greater danger or to a situation of greater danger

or was held captive beyond the time necessary to commit the offense."  Mich.

Comp. Laws § 777.38(1)(a).  The trial court scored 15 points for this offense

variable based on the presence of the victim's three-year-old child in the home.

*Gibson*, 2020 WL 3476750 at *4.  The Michigan Court of Appeals held that the trial court's reasoning was incorrect but affirmed the scoring decision because the "evidence fully supports that the 'victim was asported to another place of greater danger or to a situation of greater danger.'"  *Id.* *3 (quoting Mich. Comp. Laws § 777.38(1)(a)).

Gibson disputes the state court's interpretation and resolution of the information before it, but this is insufficient to establish that the state court's denial of this claim is contrary to, or an unreasonable application of, Supreme Court precedent.  Nor has Gibson shown the Michigan Court of Appeals' decision was based upon an unreasonable determination of the facts.  Habeas relief is denied.

As another sentencing-related claim for habeas corpus relief, Gibson argues that the trial court improperly based his sentence on facts neither admitted by him nor proven beyond a reasonable doubt.  Under the Sixth Amendment, any fact that increases the maximum penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt.  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The same requirement applies to any fact that increases a mandatory minimum. *Alleyne v. United States*, 570 U.S. 99, 111-12 (2013).  In *People v. Lockridge*, the Michigan Supreme Court held that, under *Alleyne*, the mandatory application of Michigan's sentencing guidelines was unconstitutional. 498 Mich. 358, 386-88

(Mich. 2015).  To remedy this violation, the Michigan Supreme Court made the sentencing guidelines advisory.  *Id.* at 391.

Gibson was sentenced after *Lockridge* was decided and the state sentencing guidelines were made advisory.  Purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *United States v. Booker*, 543 U.S. 220, 233 (2005).  This claim is meritless.

### B.    Claim Two: Imposition of Consecutive Sentences

Gibson argues in his second claim that the trial court erred in imposing consecutive sentences and that his sentence is disproportionate.

The question whether Gibson was properly sentenced to consecutive terms of imprisonment is a question of state law not cognizable on habeas corpus review. *See Oregon v. Ice*, 555 U.S. 160, 165 (2009) (holding that imposition of consecutive sentences is constitutionally permissible); *Beverly v. Burt*, No. 19-1464, 2019 WL 11753785, at *3 (6th Cir. July 23, 2019) (finding challenge to consecutive nature of sentences not cognizable on federal habeas review); *Harrison v. Parke*, 917 F.2d 1304, 1990 WL 170428, at *2 (6th Cir. 1990) (holding that whether a sentence should run concurrently or consecutively is "a matter of substantive state law ... not cognizable in a federal habeas corpus proceeding").

Gibson's claim that his sentence is disproportionate is also meritless.  "[T]he Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)).  "'[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment.'"  *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).  If a sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants."  *Williams v. New York*, 337 U.S. 241, 245 (1949).  *See also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . .  generally does not constitute cruel and unusual punishment.") (internal quotation omitted).

Gibson's sentence is not grossly disproportionate or excessive.  His sentence did not exceed the statutory maximum for any of his crimes.  *See* Mich. Comp. Laws § 750.520(d)(1)(b) (allowing a sentence of up to 15 years); §§ 750.84(1)(b), 750.122(7)(b) (both allowing a sentence of up to 10 years).  The trial court acted within its discretion and the Court finds no extreme disparity between the crime and sentence that would implicate Eighth Amendment concerns.

## C.    Claim Three: Ineffective Assistance of Counsel

In his third claim, Gibson argues that he was denied the effective assistance of counsel.  He claims counsel should not have requested a jury instruction for the lesser included offense of third-degree criminal sexual conduct and that counsel failed to adequately cross-examine the victim.

On habeas corpus review, to prevail on an ineffective assistance of counsel claim, Petitioner must show that the state court's denial of his claim was contrary to, or an unreasonable application of, *Strickland v Washington*, 466 U.S. 668 (1984).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: a habeas petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  *See id.* at 687.

The standard for obtaining habeas corpus relief is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (*quoting Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)).  In the context of an ineffective assistance of counsel claim under *Strickland*, the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so."  *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted).  "[T]he question is not whether counsel's

11

actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'*s* deferential standard." *Id.*

**1.**

Gibson claims that counsel was ineffective for requesting a jury instruction on third-degree criminal sexual conduct for two reasons. First, counsel did not obtain Gibson's consent before requesting the instruction; and second, because requesting the instruction was poor trial strategy. Neither claim entitles Gibson to habeas relief.

"An attorney undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy." *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (citing *Strickland*, 466 U.S. at 688). That obligation encompasses the duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland*, 466 U.S. at 688. But the Supreme Court has not held that counsel must obtain a defendant's agreement on "every tactical decision" in a case. *Nixon*, 543 U.S. at 187 (quoting *Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988)). Only "certain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate." *Id.* A defendant has "'the ultimate authority' to determine 'whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.'"

*Id.* (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).  Decisions regarding those basic trial rights require an attorney both to "consult with the defendant and obtain consent to the recommended course of action."  *Id.*

There is no clearly established Supreme Court precedent establishing that the decision to request an instruction on a lesser offense is a basic trial right requiring a defendant's consent.  And many lower courts have held that such a decision does not require a defendant's consent.  *See, e.g., Mills v. Motley,* No. CIV. 8-315-GFVT, 2012 WL 1080284, at *3 (E.D. Ky. Mar. 30, 2012) (finding no constitutional requirement that counsel consult with defendant on jury instructions); *Revels v. United States*, No. C14-5896BHS, 2016 WL 5799701, at *4 (W.D. Wash. Oct. 5, 2016) (holding that the decision whether to request a lesser included offense instruction is a tactical one that does not require a defendant's consent); *Everett v. Sec'y, Dep't of Corr.*, No. 8:08-CV-1164-T-27MAP, 2011 WL 3664495, at *4 (M.D. Fla. Aug. 19, 2011) (same).  Gibson has not shown that defense counsel was required to obtain his consent before requesting an instruction on the lesser included offense.

Additionally, defense counsel's decision to request the instruction was not an unreasonable trial strategy.  First, the Michigan Court of Appeals held that there was no legal error in giving the instruction.  *See Gibson*, 2020 WL 3476750.  The Court defers to the state court's ruling on this state law matter.  *See Seymour v.*

*Walker*, 224 F.3d 558 (6th Cir. 2000) (on habeas review, a federal court is bound to accept a state court's decision as to the adequacy of jury instructions under state law).  Second, the Supreme Court has recognized that requesting a lesser-included offense instruction may benefit the defense:

> [I]t is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction.  True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal.  But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory.  Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.

*Keeble v. United States*, 412 U.S. 205, 212-13 (1973).

Gibson maintains that, absent the third-degree instruction, he would have been acquitted of first-degree criminal sexual conduct, the most serious of his crimes.  Perhaps, but perhaps not.  The risk that the jury, faced with an all-or-nothing strategy would "resolve its doubts in favor of conviction" was substantial.  *Id.* at 213.  If convicted of first-degree criminal sexual conduct, Gibson faced a life sentence, while third-degree carried a maximum sentence of 15 years.  Given this sentencing disparity, it was not unreasonable for counsel to conclude that an all-or-nothing strategy was too dangerous a gamble.

14

**2.**

Gibson maintains that counsel was also ineffective for failing to impeach the victim with her prior inconsistent statements.

The Michigan Court of Appeals denied this claim:

> The record reflects that defense counsel competently cross-examined the victim, elicited points of contradiction in her testimony, and also presented arguments to the jury regarding the victim's credibility and in support of the defense of consent. Defense counsel presented evidence and argument that suggested that jealousy over defendant's other girlfriend provided a motive for the victim to fabricate, and argued to the jury that the victim's actions before and after the offense comported with her having consented to a continuing sexual relationship.  Moreover, the record contradicts defendant's assertion that the victim dis-played no injuries to her thighs or legs, and thus belies defendant's assertion that defense counsel's performance was deficient for failure to highlight such a particular. In sum, defendant has neither supported the factual predicate of his claims, *Hoag*, 460 Mich. at 6, 594 N.W.2d 57, nor overcome the strong presumption that counsel was acting within the wide range of discretion concerning strategy, *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Unger*, 278 Mich. App. at 253, 749 N.W.2d 272.

*Gibson*, 2020 WL 3476750, at *7.

A review of the record shows that defense counsel vigorously cross-examined the victim and explored inconsistencies in her testimony.  The Court finds that the Michigan Court of Appeals' conclusion that trial counsel capably

cross-examined the victim was not contrary to or an unreasonable application of

Supreme Court precedent.

### D.    Claim Four:  Sufficiency of the Evidence

In his final claim, Gibson argues that the prosecution presented insufficient

evidence to support his third-degree criminal sexual conduct conviction.[3]

After reciting the correct standard of review, the Michigan Court of Appeals

denied this claim:

> A person is guilty of CSC-3 if the person engages in
> sexual penetration with another person and force or
> coercion is used to accomplish the sexual penetration.
> MCL 750.520d(1)(b).  In this case, the victim testified
> that after defendant choked and beat her, he sexually
> penetrated her against her will.  This testimony need not
> be corroborated to sustain defendant's conviction of
> CSC-3.  MCL 750.520h.  But it was.  The victim's aunt
> testified that after defendant took the victim into a
> bedroom, she heard the victim screaming, crying, and
> saying "no," "stop it."  That sexual activity took place is
> not in dispute, the only issue being whether the victim in
> fact consented to it.  Defendant admitted that he caused
> the victim's bruising in a "physical dispute," although he
> insisted that this altercation was unrelated to the sexual
> activity that followed.  "It is for the trier of fact, not the
> appellate court, to determine what inferences may be
> fairly drawn from the evidence and to determine the
> weight to be accorded those inferences." *Hardiman*, 466
> Mich. at 428, 646 N.W.2d 158.  Viewed in the light most
> favorable to the prosecution, the evidence was sufficient

---

[3] Gibson also argues that the verdict was against the great weight of the evidence.  A claim that a verdict is against the great weight of the evidence is a state-law claim not cognizable on federal habeas review.  *See Nash v. Eberlin*, 258 F. App'x 761, 765, n. 4 (6th Cir. 2007).

to permit a rational trier of fact to find all of the elements
of the offense were proved beyond a reasonable doubt. ...

*Gibson*, 2020 WL 3476750, at *7.

"[T]he Due Process Clause protects the accused against conviction except

upon proof beyond a reasonable doubt of every fact necessary to constitute the

crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On

direct review, review of a sufficiency of the evidence challenge focuses on whether

"after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in

original).

Sufficiency-of-the-evidence claims, in light of both *Jackson* and AEDPA,

face a high bar in habeas proceedings because they are subject to two layers of

deference:

> First, on direct appeal, it is the responsibility of the
> jury—not the court—to decide what conclusions should
> be drawn from evidence admitted at trial.  A reviewing
> court may set aside the jury's verdict on the ground of
> insufficient evidence only if no rational trier of fact could
> have agreed with the jury.  And second, on habeas
> review, a federal court may not overturn a state court
> decision rejecting a sufficiency of the evidence challenge
> simply because the federal court disagrees with the state
> court.  The federal court instead may do so only if the
> state court decision was objectively unreasonable.

17

> *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S. Ct. 2060,
> 182 L.Ed.2d 978 (2012) (per curiam) (citations and
> internal quotation marks omitted).

*Tackett v. Trierweiler*, 956 F.3d 358, 367 (6th Cir. 2020).

Gibson has not shown that the Michigan Court of Appeals' decision denying relief was contrary to, or unreasonably applied, clearly established federal law.  It is for the factfinder to weigh the evidence, assess the witnesses' testimony, and resolve any conflicts in the testimony or issues of witness credibility.  *Jackson*, 443 U.S. at 319; *see also Marshall v. Lonberger*, 459 U.S. 422, 435 (1983) (Section 2254(d) "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

Gibson asserts that the victim "had so many inconsistencies in her prior statements and trial testimony" that "[t]he false evidence and testimony should have been resolved in favor of" the defense.  (ECF No. 1., PageID.13.)  The factfinder, not a federal court on habeas review, has the responsibility "to draw reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319. Gibson's argument that the victim's testimony should not be believed asks the Court to do precisely what it may not – independently assess a witness's credibility.  For the reasons listed by the Michigan Court of Appeals, there was ample evidence to support the jury's verdict.  Habeas relief is denied on this claim.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

## V.  Conclusion

For the reasons stated, the Court **DENIES** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Date: November 15, 2024          s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge